UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARITA TALLEY, #817099,

        Plaintiff,

v.

        CASE NO. 2-13-CV-12382
        HONORABLE NANCY G. EDMUNDS

ARUS NOVAK,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Michigan prisoner Marita Talley ("Plaintiff"), confined at the Huron Valley Woman's Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. She does not list any allegations in her form complaint, but attaches a copy of a 2012 prison grievance form which makes the following allegation: "No clean whites for a month (now over months) with no accommodation." Plaintiff names Assistant Resident Unit Manager Novak as the sole defendant in this action and sues him/her in his/her individual and official capacities. Plaintiff requests $10 million in damages. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this case. *See* 28 U.S.C. § 1915(a)(1).

### II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In this case, Plaintiff attempts to assert a violation of her Eighth Amendment rights. To state an Eighth Amendment claim, a prisoner must allege that the offending conduct or prison condition constitutes an "unreasonable and unwanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that the deprivation be sufficiently serious such that it concerns the deprivation of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). The subjective component requires that the offending conduct be intentional or deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-03. Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 835-37; *Whitley*, 475 U.S. at 319. Additionally, a plaintiff must allege that she suffered an injury, *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011), or faces a substantial risk of serious harm resulting from the challenged condition. *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Plaintiff has not done so in this case. In the grievance attached to her complaint, she merely alleges that she was not given "clean whites" for a month. This is insufficient

3

to state a civil rights claim. Plaintiff has neither alleged nor established that the lack of "clean whites" for a period of time was a sufficiently serious deprivation or that she suffered any resulting injury. Moreover, Plaintiff has failed to allege facts to show that the named defendant, Assistant Resident Unit Manager Novak, was personally involved in the conduct giving rise to her complaint, *i.e.*, the "lack of clean whites," or that defendant Novak acted with intent or deliberate indifference. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Furthermore, conclusory allegations are insufficient to state a civil rights claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff has failed to state a claim upon which relief may be granted in her pleadings. Her complaint must therefore be dismissed.

### III. CONCLUSION

Having reviewed the matter, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in her complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

**IT IS SO ORDERED**.

                        S/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: July 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2013, by electronic and/or ordinary mail.

                        S/Johnetta M. Curry-Williams
                        Case Manager
                        Acting in the Absence of Carol A. Hemeyer